IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RANGY TAYLOR                                                    PLAINTIFF

vs.                              Civil No. 4:10-cv-04050

MICHAEL J. ASTRUE                                              DEFENDANT
Commissioner, Social Security Administration


## MEMORANDUM OPINION

Rangy Taylor ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed a disability application on September 4, 2007. (Tr. 9, 112-114, 120). In his application, Plaintiff alleged he was disabled due to heart-related condition. (Tr. 131). Plaintiff alleged an onset date of August 22, 2007. (Tr. 9, 132). This application was denied initially and again upon reconsideration. (Tr. 43-44).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

Thereafter, Plaintiff requested an administrative hearing on his application, and this hearing request was granted. (Tr. 54-66). An administrative hearing was held on August 27, 2009 in Texarkana, Arkansas. (Tr. 17-38). Plaintiff was present and was represented by counsel, Sheila Campbell, at this hearing. *Id.* Plaintiff, Vocational Expert ("VE") Jeffrey Kiel, and Plaintiff's sister Tangy Taylor testified at this hearing. *Id.* On the date of this hearing, Plaintiff was twenty-eight (28) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had obtained his GED. (Tr. 5-7).

On September 25, 2009, the ALJ entered an unfavorable decision denying Plaintiff's disability application. (Tr. 9-16). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 4, 2007, his application date. (Tr. 11, Finding 1). The ALJ determined Plaintiff had the following severe impairment: ischemic heart disease status-post myocardial infarction. (Tr. 11, Finding 2). The ALJ also determined, however, Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the impairments in the Listings. (Tr. 11, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 12-14, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has no mental limitations and retains the physical residual functional capacity to lift and carry ten pounds frequently and twenty pounds occasionally; stand and/or walk for two to four hours per day; sit for six hours per day; and stoop, crouch, crawl, kneel, and climb ramps/stairs occasionally. However, he is limited to no more than occasional reaching overhead; he is precluded from climbing ladders/ropes/scaffolds

2

or working at heights or around sharp objects, open flames, or dangerous moving machinery; and he also must avoid extremes of heat.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff had no PRW he could perform.  (Tr. 14-15, Finding 5).  The ALJ then evaluated whether there was other work existing in the national economy Plaintiff could perform, considering his age, education, RFC, and work experience.  (Tr. 15-16, Finding 8).  The VE testified at the administrative hearing regarding this issue.  (Tr. 15-16, 18-21).

Specifically, the VE testified that a hypothetical person with Plaintiff's limitations would be able to perform the requirements of representative occupations such as an assembler of buttons and miscellaneous notions with approximately 40,500 such jobs in the national economy and 1,800 such jobs in the regional economy; envelope addresser with approximately 161,800 such jobs in the national economy and 4,450 such jobs in the regional economy; and nut sorter with approximately 250,000 such jobs in the national economy and 5,250 such jobs in the regional economy.  (Tr. 15). Based upon this testimony, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from September 4, 2007 (the application date) through September 25, 2009 (the ALJ's decision date).  (Tr. 16, Finding 9).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision.  (Tr. 39-42).  *See* 20 C.F.R. § 404.968.  On March 22, 2010, the Appeals Council declined to review the ALJ's unfavorable disability determination.  (Tr. 1-3).  On April 12, 2010, Plaintiff filed the present appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on April 21, 2010.  ECF No. 5.  Both Parties have filed appeal briefs.  ECF Nos. 9-10.  This case is now ready for decision.

## 2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006);  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

4

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. <u>Discussion</u>:**

Plaintiff argues the following on appeal: (A) the ALJ erred in evaluating his subjective complaints; (B) the ALJ erred by disregarding the testimony of his sister, Tangy Taylor; and (C) the ALJ erred by finding he could perform other work existing in significant numbers in the national economy. ECF No. 7 at 2-8. In response, Defendant argues that the ALJ's disability determination is supported by substantial evidence in the record, and Plaintiff's claims offer no basis for reversal. This Court will address all three of Plaintiff's arguments for reversal.

**A.      Credibility Determination**

In his briefing, Plaintiff claims the ALJ erred in his credibility determination because he failed "to give specific reasons for findings that are supported by the record." ECF No. 7 at 3. Plaintiff also

claims that the ALJ's decision to disregard his subjective complaints "is not supported by . . . the medical evidence provided [to] the ALJ within the transcript." *Id.* at 7.  Plaintiff, however, does not state which *specific* medical evidence supports his subjective complaints regarding his inability to work.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, Plaintiff claims the ALJ did not provide "specific reasons" for his credibility determination. However, the ALJ provided several valid reasons for his credibility determination: (1) Plaintiff had a very poor work record even prior to his alleged onset date; (2) in May of 2008, Plaintiff was medically cleared to lift up to twenty pounds; (3) in August and October of 2008, he was found to be stable after further surgery for re-stenting;(4) in 2009, the frequency of Plaintiff's visits to the emergency room were reduced; and (5) there is no evidence of record to show that any physician found Plaintiff was any more functionally limited than that found by the ALJ. (Tr. 14). Because the ALJ's credibility determination is supported by "good reasons," it should be affirmed. *See Gregg v. Barnhart,* 354 F.3d 710, 714 (8th Cir. 2003) (holding that "[i]f an ALJ explicitly discredits the claimant's testimony and gives good reasons for doing so, we will normally defer to the ALJ's credibility determination") (citation omitted).

Further, Plaintiff argues his case should be reversed and remanded because the ALJ's credibility determination was not consistent with his medical records. ECF No. 7 at 7-8. As noted above, Plaintiff does not reference which *specific* medical records support his alleged disability. There are over a thousand pages in the transcript in this case. Without reference to any specific

7

medical records, it is nearly impossible for this Court to ascertain which medical records Plaintiff might use in support of his claim.

However, based upon this Court's review of the medical records and the ALJ's opinion in this case, it appears Plaintiff's medical records do support the ALJ's credibility determination. Notably, the ALJ found that in May of 2008, Plaintiff was cleared by his treating physician Dr. Paulo Ribeiro, M.D. to lift up to twenty pounds. (Tr. 13, 384). Further, as noted by the ALJ, on October 21, 2008, Dr. Ribeiro found after his surgery for re-stenting that Plaintiff was "breathing well and doing clinically well" with no carotid delay. (Tr. 13-14, 377). Dr. Ribeiro also did not state Plaintiff had any additional limitations on his ability to lift. Based upon these records, this Court finds Plaintiff's medical records are consistent with the ALJ's credibility determination.

### B. Witness Testimony

Plaintiff claims the ALJ erred by discounting the testimony of his twin sister, Tangy Taylor.[3] ECF No. 7 at 3-6. As an initial matter, the ALJ is required to consider the testimony of a claimant's family members, but the ALJ is not required to find that testimony is credible. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000). In the present action, the ALJ fully considered the testimony of Tangy Taylor. (Tr. 13). The ALJ then noted that she testified Plaintiff "doesn't visit the emergency room as often as he used to do" and testified she did not live with her brother and only saw him about twice per week. *Id.* Based upon these findings, the ALJ properly determined her testimony was not fully credible.

---

[3] In his brief, Plaintiff also references the testimony of his mother and wife. However, the only other witness in this case who testified (apart from Plaintiff himself and the VE) was his sister, Tangy Taylor. Thus, this Court will only review her testimony.

C.      **Other Work Determination**

Plaintiff claims the ALJ improperly determined he would be able to perform other work existing in significant numbers in the national economy.  ECF No. 7 at 7-8.  Plaintiff's argument on this issue is based upon his claim that the ALJ improperly evaluated his subjective complaints.  *Id.* However, as noted above, this Court finds the ALJ properly evaluated Plaintiff's subjective complaints and discounted them for legally-sufficient reasons.  Further, based upon that evaluation, the ALJ then properly posed a hypothetical to the VE which included all the limitations he found credible.  *See Howe v. Astrue,* 499 F.3d 835, 842 (8th Cir. 2007) (holding that the ALJ's hypothetical question to a VE "need only include impairments that are supported by the record and that the ALJ accepts as valid").  Accordingly, this Court finds Plaintiff's argument on this issue also offers no basis for reversal.

**4. <u>Conclusion:</u>**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 17th day of June, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

9